PER CURIAM:
Claimant Daniel Ellis seeks an award from the Division of Highways for property damage sustained by him when his vehicle struck a hole at about 2100 hours on the 31st day of March, 1992, on Interstate 79 North, Mile Marker 138,' between the cities of Clarksburg and Morgantown.
From the evidence adduced at the hearing on October 15, 1992, it appears that the claimant was operating his vehicle, a 1983 BMW 320, on 1-79 when he drove onto the berm and the vehicle struck a hole, causing damage thereto vehicle. The damage was to the front and rear left wheels, the strut tower, and the rear shock. The cost of repair was $585.69.
Claimant testified that he was traveling from Clarksburg to Morgantown, northbound on Interstate-79, a public road which he drives daily, and that in an attempt to move into the left lane of traffic in order to pass a slow-moving vehicle, his vehicle struck a hole at the edge of the paved portion of the highway and the berm. The vehicle sustained damage to the left side front and back wheels. He testified that the hole was one and one-half feet wide, three feet
long, and six inches deep. He also admitted that it was his fault that he was on the berm.
Respondent offered no evidence at the hearing.
This Court has, in past decisions, held that a lower standard of care and maintenance is required for the berm or shoulder of a public road, than for the regularly traveled portion of the road, this being the so-called New York rule. An exception to the rule, recognized both in New York and West Virginia, is that the higher standard of care and maintenance required for the traveled portion of the road will be applied for the berm when an emergency requires it. See Retzel v. State, 94 Misc. 2d 562, 405 N.Y.S. 2d 391 (1978).
The Court finds, as a matter of fact, that the claimant was not forced into the berm area of the road by an emergency situation; that it was the fault of the claimant that his vehicle hit the hole; that his failure to maintain control of his vehicle was the proximate cause of the damages to his vehicle; and that negligence on the part of the respondent was not established by a preponderance of the evidence.
*205 Claim disallowed.